Lucas LUCAS–PEREZ, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 06–75141.

United States Court of Appeals, Ninth Circuit.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted Feb. 26, 2008.*

Filed March 7, 2008.

Allison Mosher, Nelson Smith, LLP, Portland, OR, for Petitioner.

District Counsel, Office of the Chief Counsel/Ice Department of Homeland Security, Portland, OR, Daniel E. Goldman, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: BEEZER, FERNANDEZ and McKEOWN, Circuit Judges.

## MEMORANDUM **

Lucas Lucas–Perez, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an Immigration Judge's ("IJ") order denying his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the IJ's denial of asylum and withholding of removal, *Cordon–Garcia v. INS*, 204 F.3d 985, 990 (9th Cir.2000), and we review for abuse of discretion the IJ's denial of humanitarian asylum, *Belayneh v. INS*, 213 F.3d 488, 491 (9th Cir.2000). We deny the petition for review.

Substantial evidence supports the IJ's finding that the government rebutted the presumption of a well-founded fear of future persecution by the Guatemalan government because the IJ did an individualized analysis of changed country conditions in Guatemala that is supported by the record. *See Gonzalez–Hernandez v. Ashcroft*, 336 F.3d 995, 998–99 (9th Cir.2003).

Substantial evidence also supports the IJ's finding that Lucas–Perez's claim of a well-founded fear of future persecution based on retaliation from a neighboring family in Guatemala lacks a nexus to a protected ground. *See INS v. Elias–Zacarias*, 502 U.S. 478, 482–83, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

Because Lucas–Perez failed to satisfy the standard of proof for asylum, it necessarily follows that he failed to satisfy the more stringent standard for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

The IJ did not abuse his discretion in denying humanitarian asylum where Lucas–Perez failed to show sufficiently severe past persecution or a reasonable possibility of other serious harm upon removal to Guatemala. *See* 8 C.F.R. § 1208.13(b)(1)(iii)(A), (B).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.